## CIRCUIT COURT OF THE CITY OF RICHMOND

In re Howard C. Vick, Jr.

February 23, 1995

Case No. HG-29-3

By Judge T. J. Markow

Pursuant to Va. Code Ann. § 54.1-3935, this court received a complaint against Howard C. Vick, Jr., filed by Joseph D. Morrissey. Vick moves to dismiss and asks for sanctions. Neither party requested a hearing. Morrissey has written the clerk of this Court advising him that the same complaint was filed with the Virginia State Bar and says that "Accordingly, since the above-referenced complaint is now being investigated by the Virginia State Bar, you may remove this pending matter from the Richmond Circuit Court Docket."

It is this court's opinion that its authority under Va. Code Ann. § 54.1-3935 is limited to one of two choices. Specifically, "the court *may* issue a rule against such attorney to show cause why his license to practice law shall not be revoked." Va. Code Ann. § 54.1-3935(A). Emphasis added. By implication it may refuse to issue the show cause.

Nothing in the Code suggests that the clerk may remove the complaint from the docket upon the complainant's request. Morrissey directs no motion nor request to the court. Nothing in his letter suggests that the complaint is withdrawn or is without foundation. He simply says that he now prefers a different forum. He does not attempt nonsuit, as that is probably not within his authority. Va. Code Ann. § 8.01-380 allows one to "suffer a nonsuit as *to any cause of action or claim.*" This complaint is neither a cause of action nor a claim. Rather, it is one means whereby an attorney's conduct may be measured against the Code of Professional Responsibility to determine whether or not disciplinary action is warranted. Once the complaint is filed, it becomes a matter for the disciplinary system to dispose of. It is not a decision to be made by the complainant. This court must determine whether or not it should issue the rule against Vick. (That option is not given to the court when the complaint is made by

a district committee of the Virginia State Bar. See Va. Code Ann. § 54.1-3935.) In that situation, the rule *shall* be issued.

In the complaint, Morrissey claims that Vick violated DR 1-102(A)(4), DR 7-104(A), DR 8-101(A)(2) and DR 8-102(A)(1).

Morrissey alleges that Vick made two statements about him which were false. On January 5, 1995, Vick is to have stated at a press conference that "Joe Morrissey may have committed either a crime or an ethical violation by disseminating '*confidential*' [emphasis added] material surrounding an Henrico County Grand Jury probe involving businessman Kenneth Graham." Later Vick "suggested that maybe a confidential Commonwealth's Attorney's file had been removed from the Richmond Commonwealth's Attorney's office." Morrissey then claims that at a press conference he proved all of Vicks' allegations to be false and that Vick was forced to "save face" by filing a bar complaint with this court.

In the second count of the complaint, Morrissey claims that Vick violated Va. Code Ann. § 52-8.2 while he was an Assistant United States Attorney by investigating Morrissey, then Richmond's Commonwealth's Attorney, without first obtaining the approval of the Governor, the Attorney General or a Grand Jury. This count is patently misplaced as a basis for bar discipline as it can relate solely to state officials and not officials of the United States government, even assuming that it would support a disciplinary action. Without further discussion, this cannot be the basis of the issuance of a rule to show cause.

The remainder of the allegations of the complaint must be measured by determining whether the conduct complained of, if proved, would warrant the imposition of a sanction.

First, Morrissey claims a violation of DR 1-102(A)(4) which provides that "A lawyer shall not . . . (4) engage in conduct involving dishonesty, fraud, deceit, or misrepresentation which reflects adversely on a lawyer's fitness to practice law."

Vick argues that his qualifying adjectives "may" have committed a crime or ethical violation or "maybe" a confidential file was removed from the Commonwealth's Attorney's office prevent these statements from falling within DR 1-102(A)(4), as they do not indicate an intentional misrepresentation.

This court is of the opinion that complaints of ethical misconduct are not to be reviewed with the precision of general pleadings and certainly not those required to support a cause of action for defamation. This is a

notice pleading state. What the complainant must do is put the respondent on notice of what he complains of. Here Morrissey says that Vick in his official capacity lied to the press about Morrissey's conduct, and when faced with the truth he retaliated by filing a complaint. The allegation is sufficient to support a claim of misconduct under DR 1-102(A)(4).

Next Morrissey says that Vick's misstatements compromise his ethical responsibilities under DR 7-104(A) which states that "A lawyer shall not present, participate in presenting, or threaten to present criminal or disciplinary charges solely to obtain an advantage in a civil matter."

This allegation must fall as there is not even a hint of some civil dispute between Morrissey and Vick.

DR 8-101(A)(2) is the next Disciplinary Rule that Morrissey claims to be implicated. This rule provides "A lawyer who holds public office shall not . . . (2) Use his public position to influence, or attempt to influence, a tribunal to act in favor of himself or a client."

There is nothing in the allegations which raise an issue of the violation of this DR as there is no suggestion that Vick was using his public position to influence any tribunal, unless the complaint can be read to mean that whenever a public official files a complaint he violates this DR. That is an unreasonable construction. There is no reasonable construction which states a basis for a complaint under this rule.

Finally, Morrissey complains that Vick violated DR 8-102(A)(1) that states "(A) A public prosecutor or a government lawyer in criminal litigation shall: (1) Refrain from prosecuting a criminal charge that the prosecutor or government lawyer knows is not supported by probable cause."

By its very language, this DR is not applicable to Morrissey's complaint. The DR relates to prosecuting a criminal charge. The DR has nothing to do with making a bar complaint and it certainly does not relate to prosecution of the complainant. Commonwealth's Attorneys are not the prosecutors of complaints under Va. Code Ann. § 54.1-3935. This DR is totally inapplicable.

The only DR which can possibly fit the complaint is DR 1-102(A)(4). The court will issue the rule to show cause on that alone. All other grounds are dismissed.

Vick asks for an award of sanctions. Inasmuch as there is one DR on which to go forward, after hearing the matter, the three-judge panel may consider whether or not to award sanctions. This court would issue a sanction if it had found the pleading to be as deficient under DR

1-102(A)(4) as it has as to all other grounds, but only the trial court will be able to make a final determination on this issue.

A copy of the show cause order is enclosed.